**KENT R. ROBISON, ESQ. (NSB # 1167)**
krobison@rssblaw.com
**BRETT W. PILLING, ESQ (NSB #15981)**
bpilling@rssblaw.com
**Robison, Sharp, Sullivan & Brust**
71 Washington Street
Reno, Nevada 89503
Telephone:     (775) 329-3151
Facsimile:      (775) 329-7169
*Attorneys for Bruce Seaver*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE L. SEAVER, as Heir of Teresa L. Seaver, Deceased and Special Administrator of the ESTATE OF TERESA L. SEAVER,<br><br>Plaintiff,<br><br>vs.<br><br>RCG-SPARKS, LLC, a Foreign limited liability company; KNIGHT SWEEPING, INC., a Domestic Corporation; and DOES I-X, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-00411-MMD-CSD<br><br><br><br><u>**SECOND AMENDED COMPLAINT**</u> |

## <u>SECOND AMENDED COMPLAINT</u>

Plaintiff, by and through his undersigned counsel, alleges as follows:

## **PARTIES**

1.     Plaintiff Bruce L. Seaver ("Mr. Seaver" or "Plaintiff") is an individual that resides in Washoe County, Nevada.

2.     Mr. Seaver is the husband, and only heir, of Teresa L. Seaver ("Mrs. Seaver") who passed away on April 1, 2022.

3.     Defendant RCG-SPARKS, LLC ("RCG"), is a registered Nevada foreign limited liability company, organized and existing under the laws of the State of Georgia.

4.     Defendant KNIGHT SWEEPING INC. ("KS"), is a registered Nevada domestic corporation, organized and existing under the laws of the State of Nevada.

5.     The identities of DOES I-X, and each of them, are presently unknown to Plaintiff

and the Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as Does are liable for the claims and damages alleged herein. Once the true identities of such parties are ascertained, Plaintiff will seek leave of this Court to amend its Complaint to insert the true names and capacities of said Defendants DOES I-X, inclusive, to join such Defendants in this action.

6. Defendants RCG, KS, and DOES I-X, unless otherwise specifically identified, are hereinafter referred to as the "Defendants."

## JURISDICTION AND VENUE

7. Defendant RCG and KS do continuous and systematic business in the State of Nevada and have a substantial business presence in the State of Nevada.

8. Defendant KS is a registered domestic Nevada corporation that does continuous and systematic business in the State of Nevada.

9. The incident subject of this Second Amended Complaint occurred in Sparks, Nevada.

10. Defendant RCG is the owner of the property on which Teresa Seaver was injured. Upon information and belief, RCG has a contract with KS requiring KS to properly, carefully, and diligently, maintain the sidewalks at the RCG Property in a reasonable, careful, and prudent manner.

11. The incident described herein resulted in the Plaintiff sustaining damages in excess of $75,000.

## GENERAL ALLEGATIONS

12. On or around March 26, 2022, Mrs. Seaver went to the Dollar Tree Store to retrieve specific arts and crafts supplies she intended to use at her weekly church group. Dollar Tree Store is a tenant of Defendant RCG. The lease that exists between Dollar Tree Store and RC G requires that the landlord, RCG, maintain the sidewalk area immediately in front of the Dollar Tree Store (the "Sparks Store").

13. While leaving the Sparks Store, Mrs. Seaver stumbled on loose gravel located immediately in front of the Sparks Store. The Sparks Store has gravel planters in front of the store surrounding the entry walkway. The color of the rocks in the planters are nearly the same color of the sidewalk in front of the Sparks Store.

14. Because rocks were negligently allowed to exist on the sidewalk in front of the

Sparks Store, and because they were nearly the same color as the sidewalk, Mrs. Seaver could not see the loose gravel and as a result, tripped and stumbled on the rocks that were negligently allowed to remain on the walkway. Mrs. Seaver stumbled and tried to catch herself with her left leg, but heard a "snap." After hearing the "snap," Mrs. Seaver could not put any weight on her left leg. Mrs. Seaver proceeded to hobble back to the store and hold herself upright against the front of the Sparks Store.

15. Seeing Mrs. Seaver subjected to these dangerous conditions, another customer went and informed the Sparks Store manager. The manager ran out to assist Mrs. Seaver. The manager helped Mrs. Seaver to her car and asked Mrs. Seaver if she wanted to have her call the paramedics. Mrs. Seaver denied the request and said she would call her husband.

16. Mrs. Seaver called her husband, Mr. Seaver, and told him she would be going to Renown Urgent Care to have doctors examine her leg.

17. Renown informed Mrs. Seaver that she had a strain in her lower left leg and that she had fractured her left tibia.

18. On March 28, 2022, Mr. and Mrs. Seaver attended an appointment at Swift Urgent Clinic ("Swift"). Mr. and Mrs. Seaver consulted with an orthopedic surgeon who confirmed Mrs. Seaver had a fractured left tibia. Mr. and Mrs. Seaver made an appointment to have surgery done on her left leg.

19. On April 1, 2022 at 6:00 AM, Mr. Seaver woke up to his wife screaming for help. She told Mr. Seaver that she was feeling ill and struggling to breathe.

20. Mr. Seaver contacted 911, an ambulance arrived, and it transported both Mr. and Mrs. Seaver to Northern Nevada Medical Center.

21. Upon arrival, Mrs. Seaver went into cardiac arrest and was declared dead at 8:23 AM on April 1, 2022.

22. Upon examination, Chief Medical Examiner and Coroner for Washoe County Laura D. Knight ("Dr. Knight") determined that Mrs. Seaver's cause of death was related to the fall at the Sparks Store.

23. The cause of death was a Deep Venous Thromboses of the Leg and a Pulmonary Embolism. This deep venous thromboses of the leg and resulting pulmonary embolism would not

have caused Mrs. Seaver's death had it not been for the rocks on the sidewalk of the Sparks Store being allowed to remain on the sidewalk. The rocks blended into the color of the sidewalk and therefore were not open and obvious to the business invitees of the Sparks Store.

24. DTS operated and occupied the Sparks Store as a lessee. RCG assumed responsibility and liability for maintaining the sidewalk in front of DTS and more specifically, the area where Mrs. Seaver fell. RCG therefore had a duty to provide a safe environment for DTS's business invitees accessing and exiting the DTS store by and through the use of the sidewalk in front of the DTS store. RCG was negligent and careless in allowing the rocks to exists on the sidewalk in front of its store. RCG had a duty to keep the sidewalk clear of hazards and dangers. It failed to do so. RCG's negligence was the proximate and concurrent cause of the injuries sustained by Mrs. Seaver, resulting in her death.

25. KS is an entity hired by RCG to promptly, efficiently, and effectively maintain the sidewalk area at which Mrs. Seaver sustained her life terminating injuries. KS has duties to DTS's invitees on the RCG property to properly maintain the premises owned by RCG so as to prevent injuries to the business invitees of DTS. KS's breaches of its duty of care was a concurrent cause of the injuries sustained by Mrs. Seaver which resulted in her death.

26. Due to Defendants' individual and concurring negligence evidenced by their individual and collective failure to maintain the sidewalk area in front of the Sparks DTS in a reasonably safe condition, Mrs. Seaver suffered a fractured tibia, which then resulted in her death.

**FIRST CLAIM FOR RELIEF**

**(Negligence – RCG)**

27. Plaintiff repeats and realleges the allegations set forth above with the same force and effect as if set forth at length herein.

28. Defendant RCG owned the property on which the Sparks Store operates. The Sparks Store owned by RCG is where the subject incident occurred through ownership, control, maintenance, inspection, contractual obligations, tenancy, occupancy, as landowners or otherwise.

29. Defendant RCG owns the property where the subject incident occurred through ownership, control, maintenance, inspection, contractual obligations, tenancy, occupancy, as landowners or otherwise.

30. Defendant RCG had a duty to safely maintain the premises and keep clear and safe the areas of the entry walkway.

31. Defendant RCG had a duty to maintain the premises and keep warning signage in the areas of hazardous conditions.

32. Defendant RCG had a duty to keep the premises and entry walkway clean and free of potentially hazardous conditions.

33. Plaintiff alleges that, at all times mentioned herein, Defendant RCG had a duty to take reasonable precautions to prevent any foreseeable dangerous or hazardous conditions, upon which its members or invitees, including Mrs. Seaver, could be injured.

34. Plaintiff alleges that, at all times mentioned herein, Defendant RCG had a duty to keep and maintain the subject premises in a safe condition, including, but not limited to, remedying and/or curing any potentially dangerous and/or hazardous conditions, and mitigating or preventing any foreseeable dangerous and/or hazardous condition, upon which its member or invitees, including Mrs. Seaver, could be injured.

35. At all times mentioned herein, Defendants RCG knew or should have known that, on March 26, 2022, hazardous conditions existed in the subject area of the entry walkway where the subject incident occurred.

36. Plaintiff is informed and believes, and thereon alleges, that Defendants were negligent because they failed to exercise reasonable care to prevent the foreseeable negligent and reckless conduct.

37. Defendant RCG had actual and constructive knowledge of the probable harmful consequences of the hazardous condition of the entry walkway. Defendants' negligence, as alleged herein, amounted to a conscious disregard of the rights and safety of others, including Mrs. Seaver.

38. Defendant RCG breached the duty of care owed to Mrs. Seaver by failing to inspect for and/or clean and/or remove and/or otherwise remediate the foreseeable dangerous and/or hazardous condition not open and obvious to patrons of the Sparks Store upon which Mrs. Seaver slipped and fell.

39. Defendant RCG breach was a proximate and concurring cause of Mrs. Seaver's injuries. But for Defendants failing to keep the entry walkway to the Sparks Store clear of loose

gravel, Mrs. Seaver would not have suffered a fractured left tibia that resulted in her death.

40. Defendant RCG's negligence caused Mrs. Seaver pain and suffering, before her passing, in excess of $75,000.

41. Defendant RCG's negligence, resulting in Mrs. Seaver's death, has caused Plaintiff past and future pain and suffering in excess of $75,000.

42. Defendant RCG's negligence caused Plaintiff and Mrs. Seaver medical expenses and treatment in excess of $75,000.

## SECOND CLAIM FOR RELIEF

### (Negligence – KS)

43. Plaintiff repeats and realleges the allegations set forth above with the same force and effect as if set forth at length herein.

44. Defendant RCG owned the property where the subject incident occurred through ownership, control, maintenance, inspection, contractual obligations, tenancy, occupancy, as landowners or otherwise.

45. Defendant KS was obligated to maintain the property where the subject incident occurred through ownership, control, maintenance, inspection, contractual obligations, tenancy, occupancy, as landowners or otherwise.

46. Defendant KS had a duty to safely maintain the premises and keep clear and safe the areas of the entry walkway.

47. Defendant KS had a duty to maintain the premises and keep warning signage in the areas of hazardous conditions.

48. Defendant KS had a duty to keep the premises and entry walkway clean and free of potentially hazardous conditions.

49. Plaintiff alleges that, at all times mentioned herein, Defendant KS had a duty to take reasonable precautions to prevent any foreseeable dangerous or hazardous conditions, upon which its members or invitees, including Mrs. Seaver, could be injured.

50. At all times mentioned herein, Defendant KS had a duty to keep and maintain the subject premises in a safe condition, including, but not limited to, remedying and/or curing any potentially dangerous and/or hazardous conditions, and mitigating or preventing any foreseeable

dangerous and/or hazardous condition, upon which its member or invitees, including Mrs. Seaver, could be injured.

51. Plaintiff alleges that, at all times mentioned herein, Defendant KS knew or should have known that, on or about March 26, 2022, hazardous conditions existed in the subject area of the entry walkway where the subject incident occurred.

52. Plaintiff is informed and believes, and thereon alleges, that Defendant KS was negligent because they failed to exercise reasonable care to prevent the foreseeable negligent and reckless conduct.

53. Defendant KS had actual and constructive knowledge of the probable harmful consequences of the hazardous condition of the entry walkway. Defendants' negligence, as alleged herein, amounted to a conscious disregard of the rights and safety of others, including Mrs. Seaver.

54. Defendant KS breached the duty of care owed to Mrs. Seaver by failing to inspect for and/or clean and/or remove and/or otherwise remediate the foreseeable dangerous and/or hazardous condition upon which Mrs. Seaver slipped and fell.

55. Defendant KS's breach was a proximate and concurring cause of Mrs. Seaver's injuries. But for Defendants failing to keep the entry walkway to the Sparks Store clear of loose gravel, Mrs. Seaver would not have suffered a fractured left tibia that resulted in her death.

56. Defendant KS's negligence caused Mrs. Seaver pain and suffering, sustained before her death, in excess of $75,000.

57. Defendants, negligence, resulting in Mrs. Seaver's passing, has caused Plaintiff past pain and suffering in excess of $75,000.

58. Defendants' negligence caused Plaintiff and Mrs. Seaver medical expenses and treatment in excess of $75,000.

### THIRD CLAIM FOR RELIEF

**(Wrongful Death – NRS 41.085 – Both Defendants)**

59. Plaintiff repeats and realleges the allegations set forth above with the same force and effect as if set forth at length herein.

60. Plaintiff is an heir of Mrs. Seaver under NRS 41.085. Plaintiff is entitled to damages for his loss of society, comfort, support and grief.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

61. Defendants jointly, severally and concurrently caused Mrs. Seaver's death by wrongful acts and neglect.

62. Defendants jointly, severally and concurrently caused Mrs. Seaver's death by failing to maintain, and keep clear, the entry walkway to the Sparks Store and failing to take reasonable action with express knowledge of such a hazardous condition. Defendants failed to provide a reasonably safe premises.

63. The estate of Mrs. Seaver is entitled to recover special damages including medical and funeral expenses.

64. Under NRS 41.085(4), Plaintiff is entitled to recover damages against the Defendants, jointly and severally for his grief, sorrow, loss of probable support, companionship, society, comfort, and consortium, and damages for the decedent's predeath pain and suffering in excess of $100,000.

## FOURTH CLAIM FOR RELIEF

**(Special Damages – NRS 41.085 as Special Administrator of the Estate)**

65. Plaintiff repeats and realleges the allegations set forth above with the same force and effect as if set forth at length herein.

66. Plaintiff is the Special Administrator of the Estate.

67. As Special Administrator of the Estate, Plaintiff is entitled to commence, maintain or defend actions and other legal proceedings as a personal representative of the Estate.

68. As Special Administrator, Plaintiff is entitled to recover special damages (medical and funeral expenses) in excess of $15,000 against the Defendants' jointly and severally.

**WHEREFORE**, Plaintiff Bruce L. Seaver, and the Estate of Teresa L. Seaver, requests judgment against the Defendants jointly and severally as follows:

1. For general damages in excess of $15,000 according to proof;

2. For special damages according to proof;

3. For attorneys' fees and costs as a result of Plaintiff being required to obtain and hire counsel; and

4. For such other relief as may be proper and appropriate under the circumstances.

DATED this __13th__ day of December, 2024.

> ROBISON, SHARP, SULLIVAN & BRUST
> A Professional Corporation
> 71 Washington Street
> Reno, Nevada 89503
>
> */s/ Kent R. Robison*
> KENT R. ROBISON
> BRETT W. PILLING
> *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, and that on this date I caused to be served a true copy of the foregoing **SECOND AMENDED COMPLAINT** including any exhibits thereto, on all parties to this action by the method(s) indicated below:

____    by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

Steven E. Guinn, Esq.
Laxalt Law Group LTD
9790 Gateway Drive, Suite 200
Reno, Nevada 89521

____    by personal delivery/hand delivery addressed to:

_X_    by email addressed to:

Steven E. Guinn, Esq.
Laxalt Law Group LTD
sguinn@laxalt-nomura.com

_X_    by using the Court's Electronic Notification System.

DATED this _13th_ day of December, 2024.

*/s/ Ashley DeHaven*
Employee of Robison, Sharp, Sullivan & Brust