**KENT R. ROBISON, ESQ. (NSB # 1167)**
krobison@rssblaw.com
**BRETT W. PILLING, ESQ (NSB #15981)**
bpilling@rssblaw.com
**Robison, Sharp, Sullivan & Brust**
71 Washington Street
Reno, Nevada 89503
Telephone:	(775) 329-3151
Facsimile:	(775) 329-7169
*Attorneys for Bruce Seaver*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE L. SEAVER, as Heir of Teresa L. Seaver, Deceased and Special Administrator of the ESTATE OF TERESA L. SEAVER,<br><br>　　Plaintiff,<br><br>vs.<br><br>RCG-SPARKS, LLC, a Foreign limited liability company; KNIGHT SWEEPING, INC., a Domestic Corporation; and DOES I-X, inclusive,<br><br>　　Defendants. | CASE NO.: 3:23-cv-00411-MMD-CSD<br><br><br><br>**ORDER GRANTING STIPULATION AND ORDER TO REMAND MATTER TO STATE COURT** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff BRUCE L. SEAVER ("Plaintiff"), by and through his counsel of record, Defendant RCG-SPARKS, LLC ("RCG"), by and through its counsel of record, and Defendant KNIGHT SWEEPING, INC. ("KS"), by and through its counsel of record, that this matter (Case No. 3:23-cv-00411-MMD-CSD) be remanded back to the Second Judicial District Court of the State of Nevada in and for the County of Washoe (Case No. CV22-01739) for adjudication based on the following reasons.

/ / /

/ / /

/ / /

1

**REASONS FOR REMAND**

1. This matter was removed to Federal Court on March 8, 2023 due to the Federal Court having subject matter jurisdiction as set forth in 28 U.S.C. § 1332. *See* ECF No. 1, p. 3.

2. At the time of removal, there was complete diversity between the Plaintiff and then existing Defendant DOLLAR TREE STORES, INC. ("DTS"). *Id*. at pp. 3:24-4:19. DTS was a Virginia based corporation. *Id*. at p. 4:23-25.

3. Plaintiff was, and is, a resident of the State of Nevada. *Id*. at p. 4:22.

4. Since the removal, RCG has been added as a Defendant. *See* ECF Nos. 18. RCG is a Georgia limited liability company. *Id*.

5. DTS has been dismissed from the action. *See* ECF No. 56. In the same order, the Court allowed Plaintiff to file its Second Amended Complaint which named KS as a defendant. *Id*.

6. KS filed its answer on January 22, 2025. *See* ECF No. 61. KS admitted that is was a "Nevada domestic corporation, organized and existing under the laws of the State of Nevada." *Id*. at ¶ 2 (admitting paragraph 4 in the Second Amended Complaint); *see also* ECF No. 57, ¶ 4 (stating KS is a registered Nevada domestic corporation).

7. KS further confirmed its Nevada residency in its Certificate of Interested Parties. *See* ECF No. 62.

8. 28 U.S.C. § 1332 provides, in pertinent part, that the "district Courts shall have original jurisdiction of all civil actions where the matter . . . is between . . . ***citizens of different states***." 28 U.S.C. § 1332(a)(1) (emphasis added).

9. For the purpose of diversity of citizenship jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

*Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.,* 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93.

10. Due to KS being a Nevada domestic corporation and Plaintiff being a Nevada resident, there is no longer the complete diversity of citizenship required under 28 U.S.C. 1332.

11. Based on these reasons, remand to the Second Judicial District Court of the State of Nevada in and for the County of Washoe is appropriate as it will have subject matter jurisdiction over this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED this 24th day of February, 2025.

LAXALT LAW GROUP, LTD.

/s/ Steven E. Guinn
STEVEN E. GUINN, ESQ.
Nevada Bar #5341
9790 Gateway Drive Suite 200
Reno, Nevada 89521
(775) 322-1170
*Attorneys for Defendant*
*RCG-Sparks, LLC*

DATED this 24th day of February, 2025.

RANALLI, ZANIEL, FOWLER & MORAN, LLC.


/s/ David M. Zaniel
DAVID M. ZANIEL, ESQ.
Nevada Bar #7962
50 West Liberty Street, Suite 1050
Reno, Nevada 89501
(775) 786-4441
*Attorneys for Defendant*
*Knight Sweeping, Inc.*

DATED this 24th day of February, 2025.

ROBISON, SHARP, SULLIVAN & BRUST

/s/ Kent R. Robison
KENT R. ROBISON, ESQ.
Nevada Bar #1167
BRETT W. PILLING, ESQ.
Nevada Bar #15981
71 Washington Street
Reno, Nevada 89503
(775) 329-3151
*Attorneys for Plaintiff*

## ORDER

Pursuant to the stipulation of the Parties, and good cause appearing, this matter shall be remanded back to the Second Judicial District Court of the State of Nevada in and for the County of Washoe (Case No. CV22-01739) for further adjudication.

**IT IS SO ORDERED.**

DATED this 24th day of February 2025.

_____
United States District Judge